UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVY ROOM, LLC, d/b/a TIMELESS GALLERIA , *et al.*,

        Plaintiffs,

vs.

CITY OF HAZEL PARK, *et al.*,

        Defendants.

Case No. 21-10910
Hon. Gershwin A. Drain

_____/

### OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT [#34] AND FINDING MOTIONS TO REOPEN [27, 35] MOOT AND CONVERTING SEPTEMBER 8, 2022 HEARING TO A STATUS CONFERENCE

**I.**     **INTRODUCTION AND PROCEDURAL POSTURE**

After the Defendants, City of Hazel Park and its officials, revoked Plaintiffs' business license for an event space, Plaintiff Erika Reed filed the instant lawsuit claiming the Defendants selectively enforce the City's ordinances, and in so doing, have violated Plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, among other claims. The parties engaged in early settlement negotiations and reached a settlement agreement in September of 2021. Under the agreement, Plaintiffs were permitted to reopen their event space and the Court closed the action.

Thereafter, after a double homicide occurred in the parking lot during a scheduled event at Plaintiffs' business, Defendants moved to reopen the action to enforce the Settlement Agreement's terms. *See* ECF No. 27. The parties fully briefed the Defendants' Motion to Reopen and Enforce the Settlement Agreement and the Court held a status conference on March 29, 2022. The parties subsequently submitted an Amended Stipulated Order of Dismissal on April 26, 2022. *See* ECF No. 32.

Now before the Court is the Defendants' Amended Emergency Motion to Enforce Settlement Terms, filed on May 5, 2022. *See* ECF No. 34. Plaintiffs did not file a Response to the Defendants' Amended Emergency Motion, instead, Plaintiffs rely on their Response submitted in opposition to Defendants' original Motion to Reopen and Enforce Settlement Agreement. *See* ECF No. 28. Also, before the Court is the Plaintiff's Emergency Motion for Hearing and Motion to Immediately Reopen Case to Avoid Irreparable Harm, filed on June 28, 2022. *See* ECF No. 35.

Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the present motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). Because the Court has reopened this matter, Defendants' Motion to Reopen and Plaintiffs' Emergency Motion to Reopen to Avoid Irreparable Harm are both moot. Additionally, the

Court denies without prejudice Defendants' Amended Motion to Enforce the Settlement Agreement because summary enforcement of the parties' Settlement Agreement is inappropriate where substantial factual disputes exist as to the agreement's material terms.

## II. FACTUAL BACKGROUND

Plaintiff Ericka Reed is the operates the Plaintiff Ivy Room, LLC, dba, Timeless Galleria in the City. The City granted Ms. Reed a business license to operate the Ivy Room as an event space in the City's business district. The City claims that after numerous formal and informal complaints regarding events at the Ivy Room, the City revoked the Ivy Room's business license, after a public hearing. Plaintiffs brought various federal and state claims against the City, the Mayor, the Community Development Direct, the City Manager, the City Attorney, and the City Prosecutor. Defendants removed the action to this court in April of 2021.

The parties engaged in early mediation with Magistrate Judge Kimberly Altman. On September 8, 2021, the parties reached a settlement agreement. The agreement states in relevant part that:

> 4) Prior to reopening operations subject to the terms of this Agreement, the Ivy Room shall ensure that its facility is in compliance with all local, state, and federal code regulations.
> 5) Ericka Reed shall have access to the facility for her own private personal usage without being subject to the time restrictions listed in the above paragraphs 2 and 3. "Personal usage" means, "use of the

facility by Ericka Reed for her own personal, private, non-commercial, and non-business purposes."

6) For the first six (6) months of operation after entry of this Agreement, Plaintiffs shall provide the City Manager's office with a list of any events booked. To all extent possible, the list shall be provided to the City Manager's office a month in advance. Said list shall be updated accordingly. The list shall include any private personal usage that Ms. Reed intends for the Ivy Room.

   *     *     *

8) The Ivy Room dba Timeless Galleria agrees to comply with all City of Hazel Park ordinances and regulations in addition to all local, state, and federal laws and regulations that may affect the operations of the business and its operations at its facility.

   *     *     *

(11) If there is a complaint regarding an event or conduct at the facility, the complaint will be evaluated by the City based on the totality of the circumstances. "Totality of the circumstances" means, taking all relevant factors and circumstances surrounding a complaint into account, rather than a few specific factors." If in the discretion of the City Manager's office, it determines that the totality of the circumstances warrant revocation of the Plaintiffs' business license, the final decision regarding revocation will be before this Court. If this Court determines that Plaintiffs' business license should be revoked based on the recommendation of the City Manager's office, the revocation will be immediate.

On January 14, 2022, there was a double homicide in the parking lot of the Ivy Room. The Ivy Room had been booked for a repast from 1:00 p.m. to 8:00 p.m. According to Plaintiffs, approximately 50 to 60 people gathered peacefully inside the venue, without incident until roughly 4:40 p.m. The host was packing up and preparing to leave when two guests were shot and killed in the parking lot.

On that same date, the City Manager requested that a Notice be placed on the Ivy Room's door indicating the business needed to be closed for the time being. The City Manager requested that the Mayor sign the Notice.

Thereafter, the City placed a Notice of an Emergency Public Hearing on the door of City Hall over the weekend of January 14, 2022 for an emergency city council meeting to take place on Sunday, January 16, 2022. The purpose of the meeting was to discuss the instant action and enforcement of the settlement terms. Plaintiffs did not receive any notice of this meeting and did not attend. Upon information and belief the notice was not posted to the City's website. At the meeting, various residents spoke of their concerns about the Ivy Room.

On April 6, 2022, Ms. Reed submitted a renewal application for the Ivy Room. On May 5, 2022, the 43rd District Court issued a judgment of eviction against Plaintiffs. The judgment was appealed to the Oakland County Circuit Court on May 12, 2022. The owner of the building has filed a Motion to Remand the matter back to the district court. Plaintiffs maintain Ms. Reed has been unable to pay her rent obligations as a result of Defendants' acts in contravention of the parties' settlement agreement.

Defendants maintain that Plaintiff Reed has used the Ivy Room to hold a protest event concerning the City's revocation of the Ivy Room's business license, even though the City provided notice to Plaintiff in January that her business was

5

to remain closed. Defendants also complain that Plaintiff held an interview with a local news channel regarding the Ivy Room's closure in January of 2022.

### III. LAW & ANALYSIS

A district court may enforce a settlement agreement if (1) it has subject matter jurisdiction over the separate, breach of contract controversy surrounding the settlement agreement, *Limbright v. Hofmeister*, 566 F.3d 672, 674-75 (6th Cir. 2009); (2) determines 'that agreement has been reached on all material terms[,]' *Brrock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); and (3) the 'agreement is clear and unambiguous, and no issue of fact is present.' *RE/MAX Int'l, Inc., v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001)." *Stenger v. Freeman*, 683 F. App'x 349, 350 (6th Cir. 2017) (Clay, J., concurring).

Defendants request that the Court enforce the parties' settlement agreement and revoke the Ivy Room's business license indefinitely. Plaintiff Reed counters that the parties' settlement agreement is unenforceable because the parties did not have a meeting of the minds as to Section 11 of the agreement. Alternatively, Plaintiff argues that if the settlement agreement is enforceable, the Court should also conclude Plaintiff is in substantial compliance with the contract's terms. Finally, she asserts Defendants' breached the settlement's terms by revoking her license without considering the "totality of the circumstances" as contemplated by the parties at the time of settlement.

Here, there is no dispute the Court has retained jurisdiction to enforce the parties' settlement agreement. *See* ECF No. 32. However, before the Court can summarily enforce a settlement agreement, it must first "conclude that agreement has been reached on all material terms." *ThermaScan, Inc. v. Thermoscan, Inc.* 217 F.3d 414, 419 (6th Cir. 2000). "Whether the parties actually reached a settlement is a question of fact for the district court," *Moore v. U.S. Postal Serv.*, 369 F. App'x 494, 498 (6th Cir. 2010), which is governed by state contract law, *Cuyahoga Valley Ry. Co. v. U.S. Bank Trust Nat'l Ass'n*, 515 F. App'x 494, 498 (6th Cir. 2013). The Court finds there is a genuine dispute concerning what the parties' agreement required under the circumstances of this case, therefore summary enforcement is inappropriate. *See e.g., Kukla v. Nat. Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (evidentiary hearing required when there is "substantial dispute as to the entry into, or the terms of, the agreement[.]"). The Court will schedule an evidentiary hearing and require supplemental briefing from the parties.

In any event, the Court is unpersuaded at this juncture that the Defendants complied with Section 11 where the record suggests the Defendants did not consider the "totality of the circumstances" when they held an emergency city council meeting without informing Ms. Reed, thereby depriving her of an opportunity to provide information about the event to the City Manager.

Defendants' eleventh hour argument in their Amended Motion to Enforce Settlement Terms is similarly unavailing. Specifically, Defendants raise an alternate basis upon which they could have revoked Plaintiffs' business license – Plaintiffs' failure to renew her business license after the April 30, 2021 deadline. Section I(8) states, "the Ivy Room agrees to comply with all City of Hazel Park ordinances and regulations . . . ." This argument is not well taken in light of the fact the parties' settlement agreement was executed in September of 2021, well past the April 30, 2021 renewal deadline.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Defendants' Motion to Re-Open Case [#27] is MOOT.

The Defendants' Amended Motion to Enforce the Parties' Settlement Agreement [#34] is DENIED WITHOUT PREJUDICE.

The Plaintiffs' Emergency Motion for Hearing and Immediately Reopen [#35] is MOOT.

The parties shall appear for a Status Conference on <u>Thursday, September 8, 2022 at 4:00 p.m</u>.

SO ORDERED.

Dated: September 6, 2022            /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 6, 2022, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Deputy Clerk